Case 4:19-cv-02695 Document 14 Filed on 07/14/20 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTINE SHEREY ROBINSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:19-CV-2695 |
| § | |
| ANDREW SAUL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Christine Sherey Robinson filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for disability insurance benefits and supplemental security income. Robinson and the Commissioner moved for summary judgment. Dkts. 10, 12. After considering the pleadings, the record, and the applicable law, the court recommends denying Robinson's motion, granting the Commissioner's motion, and affirming the decision of the Commissioner.[1]

### **I. Background**

**1. Factual and Administrative History**

Robinson filed an application for disability insurance benefits on February 26, 2016 and an application for supplemental security income on March 25, 2016, both alleging she was disabled as of September 1, 2015 due to rheumatoid arthritis, lupus, diabetes, high blood pressure, vision problems, kidney problems, and blood clots. Dkt. 11 at 3; Tr. at 12. The agency denied her claims on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on April

---

[1] The District Court has referred this case to this Magistrate Judge for report and recommendation. Dkt. 2.

5, 2018 at which Robinson, two medical experts, and a vocational expert testified. Tr. at 12. The ALJ issued an unfavorable decision denying benefits on June 7, 2018. Tr. at 12-21. The Appeals Council denied review on January 28, 2019 and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(b)(2) and 416.1484(b)(2).

2. **Standard of Review**

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

3. **Disability Determination Standards**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. In the second step, the ALJ must determine whether the claimant has a severe

impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. If the answer is no, the ALJ determines at step five whether the claimant can perform any other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton*, 209 F.3d at 452-53.

**4. The ALJ's Decision**

The ALJ found that Robinson met the insured status requirements for Social Security disability benefits through December 31, 2020 and had not engaged in substantial gainful activity after her alleged onset date, September 1, 2015. Tr. at 14. The ALJ found that Robinson had the medically determinable severe impairments of "diabetes mellitus, lupus, arthritis, and obesity," none of which meets or medically equals the severity of a listing. Tr. at 15. The ALJ further found that Robinson retained the residual functional capacity to perform light work, with the following limitations:

3

> The claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours out of an 8 hour workday with normal breaks. She requires the option to sit/stand at will. She can occasionally climb ramps or stairs but she should avoid climbing ladders, ropes or scaffolds. She should avoid kneeling, crouching, and crawling. She should avoid working around unprotected heights, open flames and dangerous moving machinery.

Tr. at 17. Based on this RFC and the testimony of the vocational expert, the ALJ concluded that Robinson could not perform her past relevant work as a fast food worker, but she could perform other jobs that exist in significant numbers in the national economy. Tr. at 19-21. Therefore, the ALJ concluded Robinson has not been disabled within the meaning of the Social Security Act at any time since her alleged onset date, September 1, 2015, through the date of his decision, June 7, 2018. Tr. at 21.

## II.   Analysis

Robinson argues that the ALJ's disability decision is not supported by substantial evidence because the ALJ failed to account for her inability to sit for long periods and her limitations in manipulating with her hands; failed to take into account her inability to afford medical treatment; and failed to consider two witness statements from former co-workers that corroborate her testimony regarding her work limitations. Robinson contends the ALJ's errors are not harmless because they rendered the hypothetical question to the vocational expert incomplete and because the jobs the vocational expert identified as jobs she could perform require frequent handling.

### 1. The ALJ's RFC determination is supported by substantial evidence.

In making his RFC determination, the ALJ gave some weight to the opinion of state agency examining medical consultant Dr. Toro that Robinson "was able to sit, stand, move about, lift, carry and handle small objects." Tr. at 18. However, the ALJ noted that Dr. Torro "did not provide a function by function assessment of the claimant's ability to perform basic work activities." *Id.*

4

The ALJ also properly considered the opinions of state agency reviewing physicians, Dr. Wellons and Dr. Torres, who opined on initial and reconsideration administrative review that Robinson could perform a range of light work and was not disabled. Tr. at 19. However, "[d]ue to the advantage of additional evidence and/or testimony received at the hearing level indicating a greater degree of impairment, the [ALJ gave] the opinions some weight." *Id.*

The ALJ in the above statement is referring to hearing testimony from medical expert Dr. Goldstein, a board-certified internist. Dr. Goldstein testified based on his review of the medical record that claimant "would be able to function at a light level of activity." Tr. at 43. As to postural limitations, Goldstein testified "she should probably be on her feet as much as possible, walking around, as opposed to being seated with her legs in a bending position." Tr. at 44. Further, Goldstein would "limit sitting to three or four hours a day at intervals. No longer than, maybe, 60 minutes as a time," but concurred with a sit or stand option at will with the caveat that "most of the time, she should be standing." *Id.* Goldstein did not see evidence of crippling arthritis and stated Robinson "has pretty good range of motion of the joints in her hands." Tr. at 40. Although he saw some reference in the record to mild swelling of her hands, he did not see any indicia in the record of swelling interfering with her ability to move her hands. Tr. at 45-46. The ALJ gave great weight to Dr. Goldstein's testimony. Tr. at 19.

The ALJ's incorporation of an option to sit/stand at will to the usual requirements for light work is consistent with the testimony of Dr. Goldstein. Because the sit/stand option is *at will*, it does not require the claimant to switch positions only at normal break intervals, or to sit or stand for any particular amount of time during the day. The vocational expert testified that the jobs of parking lot attendant, officer helper, and ticket seller could be performed with frequent standing

5

and an option to sit/stand at will. Tr. at 51-52. Therefore, there is no actual conflict between the ALJ's RFC determination and Goldstein's testimony that requires remand.

Robinson also argues that the ALJ did not adequately explain the conflict between Dr. Goldstein's testimony and the examination of Dr. Toro who noted that an x-ray of Robinson's right hand showed "mild arthritis." However, the ALJ explained that Toro did not do a function by function analysis. Goldstein did not think the x-ray was consistent with arthritis and did not see support in the medical record for manipulative limitations. Tr. at 39-49. It is the duty of the ALJ, not the court, to weigh the evidence, resolve material conflicts in the evidence, and decide the case. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988). Robinson's assertion that the ALJ's RFC determination is not supported by substantial evidence because it fails to account for all her limitations lacks merit.

**2. The ALJ addressed Robinson's inability to afford treatment.**

The ALJ found that the objective medical evidence did not support Robinson's allegations regarding the nature and severity of her impairments. *See, e.g.,* Tr. at 17 ("there are no medical opinions or clinical findings contained in the evidence of record to establish that the claimant would have limitations that would significantly affect her ability to function in a work setting."); 18 ("The objective clinical findings (although not the only factor to be considered) did not support the degree of pain and functional limitations which the claimant alleged. . . . In sum, the undersigned finds that the claimant has not provided the type of objective medical evidence such as test results, progress notes or other written documentation to establish that her alleged impairments would significantly prevent her from performing substantial gainful activity."). The ALJ emphasized that Robinson had not sought out or received the type of treatment one would

expect for someone with disabling symptoms. *See, e.g.,* Tr. at 18 ("While the claimant testified that she suffered from significant pain, she did not testify to taking an inordinate amount of pain medication. She has not sought emergency room care on a frequent basis and had not been repeatedly hospitalized for any condition since she allegedly became disabled. . . . claimant has not received the type of medical treatment one would expect for a totally disabled individual."); 19 ("However, the medical records do not show repeated hospitalizations or aggressive forms of therapy that would be expected if she experienced severe, persistent, unremitting pain and symptoms. The undersigned wants to reiterate that the claimant's lack of continued treatment is a major issue during the time period under review.").

Robinson's lack of treatment supports the ALJ's finding that her limitations were not as severe as alleged. *Kim Nguyen v. Colvin*, No. 4:13-CV-2957, 2015 WL 222328, at *12 (S.D. Tex. Jan. 14, 2015) (the ALJ did not improperly consider lack of treatment in his findings where the degree of alleged disability was not supported by objective medical records); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Robinson argues that the ALJ erred in relying on her failure to support her allegations with medical records because she could not afford treatment, citing *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) ("medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered.").

The ALJ addressed this contention in his opinion: "[T]here is not credible evidence that the claimant has sought out and been denied low cost generic medications or even availed herself of free medical care at a clinic. An inability to afford treatment must be corroborated by the record, not just claimant's statements." Tr. at 18. The ALJ did not err in looking to the record for evidence that Robinson had sought out free or low-cost care before disregarding her lack of treatment

7

history. *See Reh v. Colvin*, No. 4:13-CV-01125, 2014 WL 12537083, at *12 (S.D. Tex. June 11, 2014), *report and recommendation adopted,* No. H-13-CV-1125, 2014 WL 12539257 (S.D. Tex. June 27, 2014) (recognizing need to determine whether claimant attempted to 'access free or low-cost medical services' to procure prescribed treatement); *Hernandez v. Astrue*, No. CIV.A. H-10-02793, 2011 WL 11048326, at *8 (S.D. Tex. Aug. 30, 2011) ("Unlike the claimant in *Lovelace,* Hernandez has presented no evidence that she has a disabling impairment, nor has she presented evidence that she has unsuccessfully sought additional, free medical care."). Robinson is not entitled to remand on this basis.

### 3. The ALJ did not fatally err in failing to discuss the witness statements.

"The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record." *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010). As long as the decision is supported by substantial evidence, the Court accepts the ALJ's representation that he "carefully considered the evidence of record in its entirety. Specific evidence which is not discussed is either not relevant to the decision, supports the decision or if no supportive was incorporated into a discussion of similar exhibits. Omission of a particular exhibit from the summary below does not indicate that the [ALJ] failed to consider that exhibit in reaching a conclusion." *See id.* (finding no reason or evidence to dispute the ALJ's assertion that his decision was based on "careful review of all the evidence."); *see also Romo v. Berryhill*, No. 4:17-CV-02163, 2018 WL 4146416, at *5 (S.D. Tex. Aug. 30, 2018) ("The Fifth Circuit has explicitly rejected rigid rules of articulation and held that the ALJ does not have to specifically itemize each piece of specific evidence. *Falco v. Shalala*, 27 F.3d 160, 163-164 (5th Cir. 1994).").

8

The ALJ was not required to accept Robinson's testimony over the medical evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("Subjective evidence need not take precedence over objective evidence."). Nor was he obligated to give any weight to the two unsworn emails from McDonald's coworkers she submitted in support of her claims. Tr. 312-313; *See Persinger v. Berryhill*, No. 7:17-CV-00102-BP, 2018 WL 3109072, at *4 (N.D. Tex. June 25, 2018) ("The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." (citation omitted)). The ALJ denied Robinson's claim because her allegations were not corroborated by objective medical evidence and she did not seek treatment consistent with her alleged degree of pain. The two lay witness statements do not change those facts. Moreover, the witness statements address difficulties Robinson had performing the job of a fast food worker, a job that the ALJ agreed Robinson could no longer perform. The statements have no bearing on whether Robinson can perform other jobs that include an option to sit or stand at will. For these reasons, the ALJ did not err in failing to expressly discuss the witness statements in his opinion.

**4. The ALJ did not err in posing a hypothetical question to the vocational expert.**

An ALJ's hypothetical question to a vocational expert must reasonably incorporate all the limitations recognized by the ALJ, and the claimant or his representative must be afforded the opportunity to correct any deficiencies in the question. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001); *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). The hypothetical question on which the ALJ's determination is based contained all of Robinson's limitations supported by the record and incorporated into the ALJ's RFC determination. Tr. at 51-53, 62-63. Robinson's counsel was given the opportunity to cross-examine the vocational expert and did not ask about

fingering or handling limitations. Tr. at 63. *See Arrington v. Colvin*, Civil Action 4:12-CV-1390, 2013 WL 12100718, at *12 (S.D. Tex. 2013) (no remand required where claimant's counsel did not seek to correct the deficient hypothetical at the hearing; citing *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000)). The ALJ did not err in relying on the vocational expert's testimony when making his disability decision.

### III. Conclusion and Order

For the reasons discussed above, the court **RECOMMENDS** that the District court **GRANT** the Commissioner's motion, **DENY** Robinson's motion, and **AFFIRM** the ALJ's decision denying benefits.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. §636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 14, 2020, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge